UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

Trustees of the
LABORERS PENSION TRUST FUND - DETROIT & VICINITY;
LABORERS VACATION & HOLIDAY TRUST FUND - DETROIT & VICINITY;
LABORERS METROPOLITAN DETROIT HEALTH & WELFARE FUND; and the
MICHIGAN LABORERS TRAINING FUND, trust funds established under,
and administered pursuant to, federal law,

   Plaintiffs,

v

ADAMS GENERAL CONTRACTING, INC.
and CMM MANAGEMENT, INC., alter egos,

   Defendants.
_____/

Case No.
HON.

## COMPLAINT

The above-named plaintiffs, by SACHS WALDMAN, their attorneys, complaining against the above-named defendants, respectfully show unto this Court as follows:

1. Plaintiffs are the Trustees for trust funds established under, and administered pursuant to, Section 302 of the Labor-Management Relations Act of 1947, as amended (hereinafter "LMRA"), 29 U.S.C. §186, and the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29

U.S.C. §§1001, *et seq*, with principal offices located in this judicial district.

2.  Defendants do business in the building and construction industry, an industry affecting commerce within the meaning of the LMRA and 29 USC §1002(5) and (12), and their principal place of business is located within this judicial district.

3.  The defendants were, and at all times material herein have been, affiliated business enterprises with common ownership, common management, common equipment and other assets, and common employees, and thus constitute a single integrated business enterprise, single employer, or alter ego, each defendant being merely another face of the other, and none of the defendants having any life of their own. (The defendants collectively are hereinafter referred to as "the employer" or "the defendant".)

4.  The defendant is an employer engaged in an industry affecting commerce, who employs and/or has employed individuals in an appropriate unit of laborers, a majority of whom are represented by the Laborers Union.

5.  Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 USC §§1132(a)(3), 1132(g)(2) and 1145, respectively, this being a suit for breach of the fringe benefit provisions of collective bargaining agreements which defendant, as employer, entered into with Local Unions 334, 1076 and/or 1191 of the Laborers

International Union of North America, AFL-CIO (hereinafter collectively the "Laborers Union"), labor organizations representing employees in a industry affecting commerce, with principal offices located in this judicial district.

6. Defendant is, and has been, bound by the applicable trust agreements incorporated by reference in these agreements.

7. Pursuant to the provisions of the aforementioned agreements, defendant became obligated to make periodic payments (hereinafter "contributions") for, among other things, pension, vacation and holiday, and health and welfare benefits for, or in respect to the account of, those of its employees who were covered under the provisions of said agreements, which contributions should have been paid directly to plaintiff funds.

8. Pursuant to ERISA, 29 USC 1059(a), and the collective bargaining agreements and trust agreements incorporated by reference therein, defendant is obligated to maintain records sufficient to determine the benefits due or which may become due to its employees represented by the Laborers Union via contributions to plaintiffs, and to submit to periodic audits by plaintiffs of its books and records to confirm the accuracy and timeliness of such contributions to plaintiffs.

9. Defendant's indebtedness to plaintiffs for such fringe benefit contributions (including contractual late payment charges or liquidated damages) for

the period through present is unknown and cannot be ascertained until defendant submits all necessary books and records for inspection and audit, which it has heretofore refused or neglected to do.

WHEREFORE Plaintiffs pray that this Court enter judgment in their favor:

A.   Adjudicating that the defendants are alter egos and are contractually obligated to plaintiffs pursuant to the collective bargaining agreements entered into with the Laborers Union;

B.   Ordering defendants to specifically perform according to the provisions of such collective bargaining agreements;

C.   Ordering defendants to submit to the Funds any and all books and records (without any limitation whatsoever) needed by the Funds to determine the amount of their indebtedness for the period requested;

D.   Awarding the Funds all amounts such audit reveals as owed by defendants to the Funds, including delinquent contributions and liquidated damages;

E.   Awarding the Funds all costs, interest, and attorneys' fees incurred in bringing and prosecuting this present action pursuant to Section 502(g)(2) of ERISA, 29 USC §1132(g)(2) and Section 301 of the Labor-Management Relations Act, of 1947, as amended ("LMRA"), 29 U.S.C. §185; and

F.   Granting the Funds any and all other relief (including injunctive and

equitable relief) to which they might be entitled in equity and good conscience.

        Respectfully submitted,

        SACHS WALDMAN

        By: s/George H. Kruszewski
           GEORGE H. KRUSZEWSKI
           Attorneys for Plaintiffs
           1423 E. Twelve Mile Road
           Madison Heights, Michigan 48071
           Telephone (248) 658-0800
           Email: Gkruszewski@sachswaldman.com
           (P-25857)

October 9, 2018